UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

HERODE BENJAMIN,

      Plaintiff,
vs.

PORTFOLIO RECOVERY ASSOCIATES, INC.
AND BANK OF AMERICA, N.A.,

      Defendants.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, Herdode Benjamin, by and through undersigned counsel, and brings this action against the Defendants, Portfolio Recovery Associates, Inc. ("Portfolio") and Bank of America, N.A. ("BOA"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This action is brought by a consumer for Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

2. Plaintiff alleges that Defendants have unlawfully called his cellular telephone in an attempt to collect an alleged debt from Plaintiff in direct contravention of the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief as well as damages, fees, and costs in accordance with the FDCPA, FCCPA and the TCPA.

3. The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

*FD-2367*

4. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A).

## JURISDICTION

5. This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

6. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal TCPA and FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this District is proper because Plaintiff resides here and Defendants do business and place phone calls into this District.

## PARTIES

8. At all times relevant to this Complaint, Portfolio was and is a Deleware limited liability company with its principal place of business in Norfolk, Virginia.

9. At all times relevant to this Complaint, BOA was and is a national bank with its principal place of business in Charlotte, North Carolina.

10. At all times relevant to this Complaint Defendants each meet the definition of a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions

*FD-2367*

of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

11. At all times relevant to this Complaint, Portfolio regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

12. At all times relevant to this Complaint, Porfolio was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

13. At all times relevant to this Complaint, both Porfolio and BOA regularly use the mail and telephone in a business for the purpose of collecting consumer debts.

14. At all times relevant to this Complaint, Porfolio and BOA have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

15. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA, FCCPA and the TCPA by virtue of being directly affected by violations of the forgoing consumer protection laws.

16. At all times relevant to this Complaint, Plaintiff, was and is a natural person as defined by 47 U.S.C. § 153(32).

17. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

18. Defendants sought to collect a debt from Plaintiff arising from an alleged an unpaid credit card account (the "Debt"), incurred by Plaintiff for personal, family, or household

*FD-2367*

purposes.

19. Upon information and belief, Defendants by and through agents, representatives and/or employees acting within the scope of their authority, attempted to collect the Debt from Plaintiff by using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephone, (954) XXX-9647.

20. Upon answering any of these calls, Plaintiff would be greeted by an automated, machine-operated voice message or a noticeable period of "dead air" while the caller's auto-dialing system attempted to connect the Plaintiff to a live telephone employee.

21. Plaintiff is the sole owner, possessor, subscriber, and user of the cellular telephone that Defendants were calling.

22. These calls originated from various numbers including, but not limited to: 757-215-2370 and 855-537-2421 and include, but are not limited to calls placed on:

    a. August 5, 2015;

    b. August 11, 2015 and

    c. August 12, 2015.

23. Plaintiff did not expressly consent to Defendants' placement of telephone calls to his cellular telephone. In fact, Plaintiff never provided the above cellular telephone number to Portfolio or BOA.

24. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

25. Upon information and belief, Defendants knew their calling techniques were in violation of the TCPA, yet still continued to use them in willful violation of the TCPA.

26. Plaintiff was damaged by these illegal calls. Plaintiff's privacy was improperly

*FD-2367*

invaded, his peace was disturbed, his cellular telephone's battery and memory were taxed, his cellular telephone line was tied-up, and he was forced to spend time tending to unwanted calls.

## COUNT I-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(7)

27. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 26 above.

28. Florida Statutes §559.72(7) states:

> **"In collecting debts, no person shall…**
> **(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.**

29. Defendants have on many occasions called Plaintiff by telephone directly, multiple times a day, attempting to collect the debt. By virtue of having to handle debt collection calls to Plaintiff's cellular phone multiple times a day, Plaintiff has been harassed and these calls have caused unnecessary strain and burden upon Plaintiff and Plaintiff's family.

30. Defendants' actions of calling Plaintiff continuously and regularly day after day, multiple times a day, reasonably can be expected to have the natural consequences of harassing Plaintiff which was the intent of Defendants in order to illicit payment from Plaintiff for the alleged debt.

31. Defendants, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(7).

32. As a direct and proximate result of the violation of the FCCPA by Defendants, Plaintiff has been damaged. The damages of Plaintiff include, but are not necessarily limited to, mental anguish, indignation, aggravation, anxiety, humiliation, embarrassment and loss of enjoyment of life.

*FD-2367*

33. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay reasonable attorneys' fees and costs.

34. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00 per violation, together with reasonable attorneys' fees and court costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for actual damages, statutory damages, along with costs and reasonable attorneys' fees pursuant to Florida Statutes § 559.77(2), and for such other and further relief as justice may require.

## COUNT II-VIOLATION OF THE FDCPA, 15 USC § 1692d(5) (PORTFOLIO)

35. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 26 above.

36. Portfolio, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FDCPA in that its caused Plaintiff's telephone to ring with such frequency as to harass Plaintiff in contravention of 15 U.S.C. § 1692d, which states in pertinent part:

> **A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.**

37. Portfolio has on a multitude of occasions called Plaintiff by telephone directly, multiple times a day, attempting to collect the debt.

38. By virtue of having to handle debt collection calls to Plaintiff's cellular phone

*FD-2367*

multiple times a day, Plaintiff has been harassed and these calls have caused unnecessary strain and burden upon Plaintiff and Plaintiff's family.

39. Portfolio's debt collection strategy of calling Plaintiff continuously and regularly day after day, multiple times a day, reasonably can be expected to have the natural consequences of harassing Plaintiff which was the intent of Portfolio in order to illicit payment from Plaintiff for the alleged debt.

40. Portfolio, through its agents, representatives and/or employees acting within the scope of their authority thereby knowingly violated 15 U.S.C. § 1692d(5).

41. As a direct and proximate result of the violation of the FCCPA by Defendants, Plaintiff has been damaged. The damages of Plaintiff include, but are not necessarily limited to, mental anguish, indignation, aggravation, anxiety, humiliation, embarrassment and loss of enjoyment of life.

42. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorneys' fee.

43. Pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to recover actual damages together with additional statutory damages up to $1,000.00, together with court costs and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Portfolio for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, and for such other and further relief as justice may require.

### COUNT III- VIOLATION OF THE TCPA, 47 U.S.C § 227(b)(1)(A)(iii)

44. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 26 above.

*FD-2367*

45. Defendants placed many non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

46. It is a violation of the TCPA, 47 U.S.C. § 227(b) to call a person's cellular telephone using an automatic telephone dialing system without their express consent.

47. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

48. Defendants' method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

49. The aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system without any meaningful human intervention.

50. Upon information and belief, some or all of the calls placed by Portfolio in violation of the TCPA were made on behalf of BOA.

51. In a 2008 ruling, the FCC determined that "a creditor on whose behalf an

FD-2367

autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Request of ACA Int'l for Clarification and Declaratory Ruling, No. 02-278, FCC Release 07-232, 23 F.C.C. Rcd. 559, 565, 43 Comm. Reg., 2008 WL 65485 (P & F) 877 (F.C.C. Jan. 4, 2008) ¶ 10.

52.  In sum, Defendants made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

53.   Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

54.  Pursuant to the FCC's interpretation regarding willfulness, "willful or knowing" requires merely that "the violator knew that he was doing the act in question. . . . A violator need not know that his action or inaction constitutes a violation." *In re Dynasty Mortg., L.L.C.*, 22 F.C.C. Rcd. 9453, 9470 n.86, 2007 WL 1427724 (F.C.C. May 14, 2007).

55.  Defendants, through agents, representatives and/or employees acting within the scope of their authority, willfully and intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii) by virtue of the conduct described in the General Allegations above.

56.  Defendants' phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

57.  Defendants' unlawful phone calls harmed Plaintiff by: (1) trespassing upon and interfering with his right to access to his cellular telephone and his cellular telephone line; (2)

intruding upon his seclusion; (3) wasting his time; (4) depleting the battery life and consuming memory storage space on his cellular telephone; (5) causing him emotional distress in the form of aggravation, humiliation, embarrassment, anxiety, anguish, depression, loss of enjoyment of life; and (6) impairing his ability to earn income.

58. As a result of Defendants' violations of the TCPA, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

59. Plaintiff is entitled to injunctive relief prohibiting Defendants from contacting him on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants Portfolio Recovery Associates, Inc. and Bank of America, N.A. for statutory damages of $1,500.00 for each and every violation, an order be entered enjoining Defendants from calling Plaintiff's cellular telephone by use of an automatic dialing system, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, Herode Benjamin, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/
GEORGE N. ANDREWS, ESQ.
Florida Bar Number: 15885
E-mail: George@fight13.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave. 2nd Floor
Ft. Lauderdale, Florida 33316
Telephone: (954) 523-4357
Facsimile: (954) 581-2786

FD-2367